# Dotson et al. v. Horn.

Jan. 24, 1941.

Combs & Combs for appellants.

W. W. Burchett and Forrest D. Short for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellee instituted this action in equity to quiet her title and to enjoin appellants from trespassing on an unimproved lot in West Prestonsburg. Although appellee alleged that she was in possession of the lot, she nevertheless prayed that appellant be ejected therefrom. By answer and counterclaim appellants traversed appellee's allegations of title and possession, and in substance pleaded that on December 30, 1935, appellee and her husband had conveyed to appellants a residence property of which the lot in controversy was an essential part, and that if the lot was not included in the description, it was omitted from the deed by mutual mistake of the parties or by the fraud of the grantors and the mistake of the grantees. The prayer of the answer and counterclaim was that the petition be dismissed, and that appellants be adjudged to be the owners of the lot, and that if the Court should decide that the lot was not embraced in the deed, the deed be reformed so as to in-

clude it. The issues were joined and the proof taken, and upon final submission a judgment was entered adjudging appellee to be the owner of the lot in question and enjoining appellants from trespassing thereon.

The original residence property was conveyed to appellee and her husband by appellee's parents on August 11, 1913, and on July 3, 1926, they mortgaged it to the Trustees of the Prestonsburg Graded Common School District. The lot in controversy was conveyed to her by other grantors on March 8, 1927. The sale of the property to appellants was not negotiated by appellee but by the sureties on the sale bond executed by the appellee after she had bid in the original residence property at a Commissioner's sale in an action to foreclose the mortgage referred to. Being unable to pay her purchase money bond, appellee apparently acquiesced in the sale negotiated by her sureties in order to protect them. The price paid was slightly in excess of the amount necessary to relieve them, and even this slight excess was subjected to the demand of a creditor.

The deed executed by appellee and her husband to appellants described the property exactly as it had been described in the deed from appellee's parents and throughout the foreclosure proceedings. The lot in controversy was not and, of course, could not have been included in the mortgage, since it was acquired later, and an examination of the records in the County Clerk's office would have disclosed its existence as a separate property from that originally acquired by appellee and her husband. The attorney who prepared the deed to appellants, either at the request of appellants or the sureties, the record does not disclose which, had represented the mortgagee in the foreclosure proceedings. He testified that in preparing the deed he had "assumed" that the description of the original residence property "covered all they (appellee and her husband) had over there." The sureties on the sale bond were laboring under the same misapprehension, and it does not appear that any written contract of sale was executed. Appellee signed the deed when it was presented to her, and apparently her participation in the transaction was at all times passive rather than active.

It is not necessary to discuss the testimony in detail, for the reason that it may be conceded that all of

the parties concerned in the transaction, other than appellee and her husband, thought that appellants would acquire the entire property including the lot in question, and that appellants, because of the difficulty of access to and egress from the residence without the lot in controversy, would not have purchased the original residence property alone. Whether the actual property conveyed was worth less than appellants paid, we need not decide. It is sufficient to say that the proof on behalf of the appellants is wholly insufficient to overcome appellee's testimony that she did not know that any property other than that covered by the mortgage was involved in the transaction and that she had no intention of parting with the adjoining lot which she had acquired many years later. Likewise the testimony is insufficient to establish that appellee or her husband was guilty of fraud in view of their denials that they pointed out the boundaries or misled the appellants in any way. While appellants have made out a clear case of mistake on their part, they have failed to prove either mutual mistake or fraud. Had they elected to rescind the transaction they would have been entitled to that relief on the ground that the minds of the parties had not met.

It is contended by appellants that in any event appellee's petition should have been dismissed because of her failure to prove her title. While ordinarily it is incumbent upon a plaintiff in an action in ejectment or to quiet title to prove, if denied, a record title back to the Commonwealth, or to a source common to both litigants, or a title by adverse possession, that requirement could have no logical application where the defendants, by counterclaim, plead and rely upon a deed from the plaintiff as the source of their own title to the property in dispute and seek a reformation of that deed so as to specifically include that property. By asking a reformation of the deed, appellants conceded appellee's power to execute it and thereby vest appellants with title.

Judgment affirmed.